IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ESSEX INSURANCE CO.              :     CIVIL ACTION
                                 :
        v.                       :
                                 :
RAYMOND MILES, et al.            :     NO. 10-3598

MEMORANDUM

Bartle, C.J.                                      December 3, 2010

Essex Insurance Company ("Essex") brings this action against defendants Raymond and Cheryl Miles seeking to collect a judgment Essex has obtained against RMJC, Incorporated ("RMJC"), a corporation owned by the defendants. Essex seeks to pierce the corporate veil. Before the court is the motion of defendant Raymond Miles ("Miles") to dismiss the complaint for failure to plead a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Miles contends that the complaint fails to meet the pleading requirements of Rule 8 as interpreted by the Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

I.

The following facts, including those of public record, are undisputed or viewed in the light most favorable to the plaintiff. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)). Miles was the co-owner of an adult entertainment club, the "Show & Tel." He operated the club through RMJC and two other

corporations, Rayski, Incorporated ("Rayski") and Starlight Management Company ("Starlight"). In March 2000, a patron named Mark Jaworski ("Jaworski") sustained physical injuries when he was forcibly ejected from the Show & Tel by security personnel. Jaworski brought suit against RMJC, Rayski, and Starlight in the Court of Common Pleas of Philadelphia County. See Jaworski v. RMJC, et al., No. 2794 (Ct. C.P. Phila. Feb. 12, 2003).

In response, RMJC, Rayski, and Starlight sought to have Essex, their insurance carrier, provide a defense and any indemnity arising out of Jaworski's suit. Essex disclaimed coverage and brought a declaratory judgment action in this court. See Essex Ins. Co. v. RMJC, Inc., et al., No. 01-4049 (E.D. Pa. Aug. 9, 2001). On January 17, 2002, this court held that Essex had a duty to defend RMJC in the Jaworski action and granted the motion of RMJC for summary judgment on this issue. With respect to the issue of indemnification, the court stayed the action pending a resolution of the Jaworski state court action. Essex, No. 01-4049, 2002 WL 32348287, at *2 (E.D. Pa. Jan. 17, 2002).

As a result of our ruling, Essex defended RMJC in the Jaworski case. The matter ultimately resulted in a jury verdict in favor of Jaworski and against RMJC in 2003. The Court of Common Pleas entered judgment against RMJC in the amount of $362,178.08 and was affirmed on appeal. Jaworski v. RMJC, Inc., 858 A.2d 1290 (Pa. Super. Ct. 2004), appeal denied, 868 A.2d 452 (Pa. 2005). Essex paid the judgment. On May 23, 2005, this court entered summary judgment in favor of RMJC and against

Essex, finding that Essex had a duty to indemnify RMJC for the Jaworski case. Essex, No. 01-4049, 2005 WL 1221756, at *4 (E.D. Pa. May 23, 2005).

However, on October 19, 2006, the Court of Appeals for the Third Circuit reversed our decision on the issue of indemnification and remanded the case back to this court. Essex Ins. Co. v. RMJC, Inc., et al., 198 F. App'x 179, 181 (3d Cir. 2006). On remand, we found that Essex had no duty to indemnify RMJC in the Jaworski action and that RMJC had been unjustly enriched by the insurance payment to Jaworski on RMJC's behalf. Accordingly, we entered judgment in favor of Essex in the amount of $410,315.15, and the Court of Appeals subsequently affirmed. See Essex, No. 01-4049, 2007 WL 3243628, at *7 (E.D. Pa. Nov. 1, 2007), aff'd 306 F. App'x 749, 756 (3d Cir. 2009). Despite its success, Essex was never able to collect on the judgment against RMJC. On July 22, 2010, Essex filed the instant suit against Raymond and Cheryl Miles to obtain the money owed to it by RMJC.

II.

Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Conley v. Gibson, a complaint would survive a motion to dismiss unless there was "no set of facts" which would entitle the plaintiff to relief. 355 U.S. 41, 46 (1957), abrogated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The complaint merely needed to

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In Twombly, an antitrust case, the Supreme Court overturned Conley and held that Rule 8 encompassed a "facial plausibility" pleading standard. 550 U.S. at 570. Under this new standard, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Twombly Court explained that "factual allegations must be enough to raise a right to relief above the speculative level" in order for a case to move past the motion to dismiss stage. Id.

In Iqbal, the Court made explicit that this standard applied to all civil cases. 129 S. Ct. at 1949, 1953. In doing so, the Court declared that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Although Rule 8 does not impose a heightened standard requiring in-depth factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). Instead, a court must conduct a contextual, common-sense analysis to determine whether a complaint states a factually plausible claim. Id. at 1950. There must be more than a "mere possibility" of misconduct. Id. Thus, factual allegations that could support an inference of

illegal conduct just as easily as non-illegal activity cannot show that a plaintiff is entitled to relief.  Id.

In light of Twombly and Iqbal, our Court of Appeals has instructed district courts to use a two-part analysis when dealing with a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).  If, after conducting this analysis, the district court concludes that the complaint shows "more than the mere possibility of misconduct," the plaintiff will be entitled to proceed with his claims.  Id. at 211 (citing Iqbal, 129 S. Ct. at 1949).

The only relevant fact alleged in the complaint concerning the claim of Essex to pierce the corporate veil is that "Raymond and Cheryl Miles were the owners and sole shareholders of RMJC."  The remainder of the complaint contains allegations predicated only on "information and belief."  Essex asserts that based on information and belief Raymond and Cheryl Miles failed to observe corporate formalities, intermingled funds, used corporate property for personal expenses, left RMJC grossly undercapitalized, and used RMJC as a "facade" or "alter ego."  These averments are merely "a formulaic recitation of the

elements of a cause of action" for piercing the corporate veil. Iqbal, 129 S. Ct. at 1950. Reliance by Essex on information and belief cannot transform legal conclusions into plausible factual allegations.

In Partners Coffee Co., LLC v. Oceana Services & Products Co., the District Court for the Western District of Pennsylvania addressed a similar claim seeking to pierce the corporate veil. 700 F. Supp. 2d 720, 736 (W.D. Pa. 2010). The defendants in Partners Coffee alleged, on "information and belief," that the plaintiffs failed to observe corporate formalities, converted corporate assets for personal use, intermingled funds, and conducted corporate business in their individual capacities. Id. The court dismissed the claim under Twombly. It reasoned that the defendant's allegations were merely "legal conclusions couched as ... factual allegation[s]." Id. at 737-38 (citing Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).

Similarly, in Shenango, the District Court for the Middle District of Pennsylvania considered, under Rule 8 and Twombly, a motion to dismiss a complaint asserting a claim to pierce the corporate veil. 2007 WL 2310869, at *4. Again, the plaintiff alleged, "upon information and belief," that the defendant failed to observe corporate formalities, misappropriated corporate assets for personal use, and treated the corporation as a "shell." Id. at *2. Because these allegations were legal conclusions devoid of "any facts regarding

the time, place or manner of actual conduct," the District Court dismissed the complaint. Id. at *4. Like the pleadings in Partners Coffee and Shenango, Essex's complaint is merely a recitation of the legal elements required to pierce the corporate veil. Consequently, the complaint fails under the pleading standard of Rule 8 as interpreted by the Supreme Court in Twombly and Iqbal. It simply does not state sufficient facts to make out a plausible claim for relief. See Fowler, 578 F.3d at 210-11.

Essex argues that if the complaint is insufficient, it should be permitted to take discovery because information related to piercing the corporate veil is in the exclusive possession and control of the defendants. While we acknowledge that it may be difficult without discovery for a plaintiff to plead this type of claim in light of Twombly and Iqbal, we must nonetheless reject Essex's request. The Supreme Court precludes the use of even limited discovery to overcome a pleading insufficiency. As the Court stated in Iqbal, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 129 S. Ct. at 1950; see also USTAAD Sys., Inc. v. iCAP Int'l Corp., No. 09-1149, 2010 WL 2838593, at *4 n.5 (M.D. Pa. July 16, 2010).

Finally, Essex maintains that it should be granted leave to file an amended complaint. Under Rule 15, a court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15. Since the issue here is one of sufficiency of a pleading, we will grant Essex leave to file an

amended complaint within fifteen days.  See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004).  Failure to do so will result in dismissal of this action as to defendant Raymond Miles without further notice.